UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN FOSTER BEY,

    Petitioner,

v.                                         Case No. 3:19-cv-1661-LC/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Kevin Foster Bey has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1), with supporting memorandum (Doc. 2). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Bey's habeas petition should be dismissed for lack of jurisdiction because Bey was not "in custody" at the time his petition was filed.[1]

---

[1] The matter was referred to the undersigned magistrate judge for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

## I.  Procedural History

On January 27, 2014, Bey was convicted, pursuant to his no contest plea, of possession of cocaine (a felony) and possession of marijuana (a misdemeanor) in Escambia County Circuit Court Case No. 2013-CF-3703. (Doc. 1, pp. 1-2). Bey was sentenced on that date to 50.8 months in prison. (Doc. 1, p. 2). Bey concedes that at the time he filed his § 2254 petition on June 10, 2019, his sentence had expired and he was no longer in custody. (Doc. 1, pp. 1, 22; Doc. 2, pp. 1-2). The Florida Department of Corrections Offender Network confirms that Bey was released from prison on August 18, 2017, upon expiration of his sentence. *See* www.dc.state.fl.us (search Offender Search for Kevin Bey, DC# A51296). This court takes judicial notice of the information on the FDC's website for the limited purpose of recognizing the date Bey was released, as Bey concedes the fact of his release prior to filing his § 2254 petition. *See* Fed. R. Evid. 201(b).[2] Bey argues that this court

---

[2] This court may take judicial notice of facts that are "not subject to reasonable dispute," because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

nonetheless should consider his petition, because he only recently exhausted his state court remedies and he suffers collateral consequences from his conviction. (Doc. 2).

## II. Discussion

A federal district court has jurisdiction to consider a habeas corpus petition only from a petitioner "<u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a) (authorizing a federal court to entertain a habeas petition from a petitioner "<u>in custody pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also id.*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed."). As the Court in *Maleng* emphasized: "While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492.

Bey concedes that (1) his sentence on the 2014 drug possession conviction expired prior to filing his petition; (2) he is no longer in custody under the 2014 conviction; and (3) he is not subject to any current or future sentence. (Doc. 1, pp. 1, 20, 22 in ECF; Doc. 2, p. 1). Anticipating that this court would question its jurisdiction, Bey argues that his petition should not be dismissed because he has been exhausting his state court remedies and because he "has a liberty interest in overturning his conviction, e.g., employment opportunities greatly diminish for convicted felons, and particularly felons whose conviction is not so far in the past. Further, other consequences flow from such convictions as articulated in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 213 (1953)." (Doc. 2, pp. 1-2).[3]

Although Bey's state court filings in pursuit of exhaustion may affect the timelines of his petition, they are irrelevant to the question of whether Bey satisfies the "in custody" requirement. There is no dispute that Bey is no longer "in custody"

---

[3] *Shaughnessy* held that an alien who is detained by the authority of the United States by reason of exclusion proceedings may test the validity of his exclusion by habeas corpus. *Id.*, 345 U.S. at 213. In contrast, Petitioner is not currently detained and his conviction is from a Florida court, not a federal one.

under his 2014 sentence for drug possession. *See Maleng*, 490 U.S. at 492 (concluding that a petitioner whose sentence "has completely expired" is no longer "in custody" under that sentence). The collateral consequences of a conviction are not sufficient to satisfy the "in custody" requirement. *Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

Bey cannot satisfy the two exceptions to the "in custody" requirement, because he concedes that he is not subject to any current or future sentence, much less one that is affected by his 2014 drug possession conviction and sentence. *See Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997) ("[A] petitioner may challenge an expired conviction only if, at the time of the filing of the petition, (1) the petitioner is incarcerated under a current sentence that (2) has been enhanced by the expired conviction."); *Diaz v. State of Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1264 (11th Cir. 2012) (noting that a petitioner in state custody may challenge the first of multiple, consecutive sentences imposed, "even where the first sentence has already been served"). Bey does not allege, and nothing in his petition or supporting memorandum suggests, that he is under any "present restraint"

attributable to his conviction and sentence in Case No. 2013-CF-3730. The mere possibility that his 2014 conviction will be used to enhance a future sentence is insufficient to satisfy the "in custody" requirement. *Maleng*, 490 U.S. at 491-92.

As it is evident from Bey's pleadings that he was no longer "in custody" under the conviction and sentence in Case No. 2013-CF-3730 at the time he filed his petition, this court is without jurisdiction to consider any challenge to that conviction. *See Maleng, supra*.

### III.  Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA

stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a).  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the submission of any objections to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Kevin Foster Bey*, Escambia County Circuit Court Case No. 2013-CF-3703, be **DISMISSED** for lack of jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The Clerk of the Court be directed to close this case file.

At Panama City Beach, Florida, this 13th day of June, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and**

**recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**